Scott S. Thomas, NV Bar No. 7937
sst@paynefears.com
Sarah J. Odia, NV Bar No. 11053
sjo@paynefears.com
PAYNE & FEARS LLP
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Telephone: (702) 851-0300
Facsimile: (702) 851-0315

Attorneys for CENTEX HOMES

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership,<br><br>Plaintiff,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and UNDERWRITERS AT LLOYDS LONDON, an England corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendants. | Case No.: 2:16-cv-01958-JAD-VCF<br><br>**ORDER REGARDING BRIEFING ON LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS (ECF NO. 43)**<br><br>**[FIRST REQUEST]**<br><br>ECF Nos. 43, 44, 47 |

Plaintiff Centex Homes ("Centex") and Defendant Lexington Insurance Company ("Lexington"), by and through their respective counsel of record, hereby submit this stipulation regarding briefing on Lexington's Motion to Dismiss Centex's Complaint (ECF No. 43).

WHEREAS, Lexington filed a motion to dismiss on January 6, 2017 (ECF No. 43);

WHEREAS, the motion makes various arguments as to why Centex's claims against

1  Lexington should be dismissed, relying upon the language of the Lexington policies at issue;

2  WHEREAS, the motion did not include copies of the policies themselves, but rather
3  correspondence between Lexington and Centex in which the parties disputed Centex's rights and
4  Lexington's obligations under the policies;

5  WHEREAS, Centex has requested copies of the policies in order to respond to the motion;

6  WHEREAS, Lexington is working towards obtaining certified copies of the insurance
7  policies and intends to supplement the motion with these certified copies;

8  WHEREAS, Lexington and Centex agree that it would be best for this court to address the
9  issue of the property interpretation of the language of the Lexington policies with complete copies
10 of the Lexington policies in the court's record;

11 NOW THEREFORE, Centex and Lexington, by and through their respective counsel of
12 records, hereby STIPULATE and AGREE that Lexington shall supplement the Motion with
13 certified copies of the insurance policies addressed therein and that Centex's response to the
14 Motion shall be filed and served within 15 calendar days of the filing of Lexington's supplemental
15 papers and Lexington's reply papers shall be filed and served within 10 calendar days thereafter.

DATED: January 12, 2017         PAYNE & FEARS LLP

                                 By    /s/ Sarah J. Odia
                                 SCOTT S. THOMAS, NV Bar No. 7937
                                 SARAH J. ODIA, NV Bar No. 11053
                                 7251 W. Lake Mead Blvd., Suite 525
                                 Las Vegas, Nevada 89128
                                 Tel. (702) 851-0300

                                 Attorneys for CENTEX HOMES

DATED: January 12, 2017         HEROLD & SAGER

By      /s/ Joshua A. Zlotlow
ANDREW D. HEROLD, NV Bar No. 7378
JOSHUA A. ZLOTLOW, NV Bar No. 11333
3960 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Tel. (702) 990-3624

Attorneys for LEXINGTON INSURANCE COMPANY

### ORDER

Local Rule 7-1(c) states that "A stipulation that has been signed by fewer than all the parties or their attorneys will be treated—and must be filed—as a joint motion." This stipulation [ECF No. 47] is between the plaintiff and only one of the seven defendants in this case. Accordingly, I treat it as a joint motion under LR 7-1(c).

However, I do not find good cause to accept the parties' proposal because the supplemental briefing plan is not judicially economical. IT IS THEREFORE ORDERED that the stipulation [ECF No. 47] is DENIED.

Instead, to streamline Lexington's motion-to-dismiss process, and exercising my inherent power to control the docket, IT IS FURTHER ORDERED that Lexington's Motion to Dismiss **[ECF No. 43]** and Request for Judicial Notice **[ECF No. 44] are DENIED** without prejudice to the refiling of a new motion to dismiss **by February 10, 2017**. Lexington is advised that it should incorporate any future request for judicial notice into its motion to dismiss.

_____
Jennifer Dorsey
United States District Court Judge
January 13, 2017