**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership, | |
| Plaintiff, | Case No.: 2:16-cv-01958-GMN-CWH |
| vs. | **ORDER** |
| NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and UNDERWRITERS AT LLOYDS LONDON, an England corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss, (ECF No. 38), filed by Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"). Defendant Federal Insurance Company ("Federal Insurance") joined the Motion, (ECF No. 40). Plaintiff Centex Homes ("Plaintiff") filed a Response, (ECF No. 48), and St. Paul filed a Reply, (ECF No. 53). For the reasons discussed below, the Court **GRANTS** St. Paul's Motion.

**I.    BACKGROUND**

This case arises out of a separate lawsuit in which homeowners from developments built by Plaintiff filed a construction defect action against Plaintiff in state court. *See Christopher & Phyllis Kachnik, et al. v. Centex Homes, et al.*, District Court, Clark County, Nevada, Case No.

A-15-726385-D (the "*Kachnik* case"). Specifically, the *Kachnik* case alleges that Plaintiff, a homebuilder, built homes in various developments that contained "defective and negligent engineering and construction" for which the homeowners want to hold Plaintiff liable. (Compl. ¶ 60, ECF No. 1). Plaintiff asserts that due to the *Kachnik* case, Plaintiff "has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees and other expenses." (*Id.* ¶ 62).

Because of the *Kachnik* case, Plaintiff filed the present action on August 17, 2016, against Defendants Navigators Specialty Insurance Company, Everest National Insurance Company, Interstate Fire & Casualty Company, Lexington Insurance Company, Federal Insurance, Underwriters at Lloyd's London, and St. Paul (collectively "Defendants"). Plaintiff's Complaint seeking indemnity alleges the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of Nevada's Unfair Claims Settlement Practices Action; and (4) declaratory relief. (Compl. ¶¶ 98–119).

On December 30, 2016, St. Paul filed the instant Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). St. Paul alleges that the Court does not have jurisdiction over this case because Plaintiff failed to allege complete diversity of Defendants. (Mot. to Dismiss ("MTD") 3:3–5).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take one of two forms. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be a "facial" challenge or it may be a "factual"

challenge. *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Alternatively, "[a] factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). When a factual challenge is asserted, the Court need not presume the truthfulness of the allegations in the complaint. *See Meyer*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

"District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)).

### III.   DISCUSSION

St. Paul alleges that this Court does not have jurisdiction because Plaintiff "fails to allege properly the citizenship of Defendant Certain Underwriters at Lloyd's, London" ("Lloyd's"). (MTD 3:7–9). Specifically, St. Paul alleges that "Lloyd's is not a traditional insurance company, but rather a uniquely structured marketplace" where members are called "Names" and "each Name invests in a percentage of an insurance policy risk." (*Id.* 5:1–3). Together, these Names "comprise 'Syndicates,' or groups of hundreds to thousands of Names," and these Syndicates are treated as "unincorporated associations or groups for jurisdictional purposes." (*Id.* 5:4–8). St. Paul seeks dismissal because Plaintiff fails to "allege the citizenship

of any Name in the Syndicate that purchased the insurance risk at issue," and Plaintiff fails to "identify the citizenship of the lead underwriters assigned the Syndicate." (MTD 6:8–10).

In its Complaint, Plaintiff alleges that Lloyd's is "an England corporation with its principal place of business in London, England." (Compl. ¶ 11). Moreover, Plaintiff contends that "Lloyd's is no longer comprised of individual members with unlimited personal liability and now has a central corporate fund to meet liabilities." (Resp. 2:8–10). Plaintiff asserts that "Lloyd's is a corporation organized under the laws of England with its principal place of business in England—this should end the inquiry regarding diversity." (*Id.* 4:20–21).

A corporation, even if a foreign one, is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 774 (9th Cir. 1992) (holding that § 1332(c) makes "no distinction [ ] between those corporations incorporated in a state of the United States and those incorporated in a foreign country"). Unincorporated entities, such as partnerships, however, have the citizenship of all of their members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. For example, an unincorporated association such as a partnership has the citizenships of all of its members").

Although the Ninth Circuit has not addressed diversity requirements involving Names in the Lloyd's insurance market, district courts within the Circuit have repeatedly held that "the citizenship of each Name must be considered for purposes of determining whether complete diversity exists." *Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.*, 2006 WL 1896341, at *6 n.2 (W.D. Wash. July 7, 2006); *see Parse v. Those Certain Underwriters At Lloyd's London*, 2014 WL 12561586, at *3 (C.D. Cal. Mar. 4, 2014); *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1223 (N.D. Cal. 2001) ("[E]ach Name

must be diverse from Plaintiff to satisfy diversity jurisdiction requirements."); *Certain Underwriters at Lloyd's London v. Raytheon Co.*, 2001 WL 1836268, at *3 (N.D. Cal. Dec. 4, 2001) ("[T]his order holds that for federal jurisdiction to exist, there must be complete diversity between [the plaintiff] and every Name."); *Genstar Container Corp. v. Certain Underwriters at Lloyd's*, 2000 WL 1897299, at *3 (N.D. Cal. Dec. 22, 2000) (finding lack of subject matter jurisdiction where plaintiff failed to show complete diversity as to each Name under the policy); *Queen Victoria Corp. v. Ins. Specialists of Haw., Inc.*, 711 F. Supp. 553, 554 (D. Haw. 1989) ("[C]itizenship [of the Lloyd's policy underwriters] is determined by the citizenship of all of its members.").

The Court agrees with the other districts in this Circuit. Accordingly, Plaintiff has failed to adequately allege complete diversity between Plaintiff and the relevant Names at Lloyd's, as the current allegations are insufficient. The Court is therefore unable to determine whether the complete diversity requirement of § 1332 has been satisfied and does not have jurisdiction over this case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that St. Paul's Motion to Dismiss, (ECF No. 38), is **GRANTED**. The Court does not have jurisdiction in this case and therefore all claims are **DISMISSED without prejudice**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __11__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge